UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES W. BARCLAY,

    Plaintiff,

v.                                      Case No. 4:20cv142-MW-HTC

E. HAND, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's first amended civil rights complaint (ECF Doc. 11), seeking to assert claims under 42 U.S.C. § 1983, and a Notice of Inquiry (ECF Doc. 13). The amended complaint has been referred to the undersigned for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed herein, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to disclose his complete litigation history.

Plaintiff is a prisoner currently incarcerated in Florida State Prison. He is proceeding in this action *pro se* and *in forma pauperis*. His claims arise out of conduct that is alleged to have occurred between 2017 and 2019 while he was incarcerated at Wakulla Correctional Institution ("Wakulla CI"). Plaintiff sues four (4) individual defendants, all of whom are or were employed at Wakulla CI and

Centurion of Florida, LLC.  The crux of Plaintiff's amended complaint is that Defendants were deliberately indifferent to his need for treatment for pain in his right leg.

Plaintiff initiated this action in March 2020 and, upon screening, the Court found the complaint to be deficient.  ECF Doc. 6.  Among other issues, the Court determined (1) the complaint was not signed by Plaintiff and (2) Plaintiff had not alleged facts to establish a claim of supervisory liability as to Centurion.  *Id.*  The Court, thus, directed the clerk to provide Plaintiff with another copy of this Court's civil rights complaint form and gave Plaintiff an opportunity to file an amended complaint.  *Id.*

After an extension of time, Plaintiff filed his first amended complaint.  ECF Doc. 11.  Despite being provided with a copy of this Court's form, Plaintiff did not utilize the form, but instead created his own form, largely based on the Court's official form.  Fixing one deficiency previously identified, at the end of the first amended complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct," and included a certification under Rule 11.  ECF Doc. 11 at 17.  Despite that declaration, however, Plaintiff failed to disclose a pending matter filed just months earlier, also pending in this District, and also involving the conditions of his confinement while he was at Wakulla CI.

Case No. 4:20cv142-MW-HTC

Section VI[1] of the complaint, titled "PRIOR LITIGATION" asks: "C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 16. Plaintiff marked "No" and did not disclose any cases in response to that question. Thus, Plaintiff swore that, at the time he filed his amended complaint on April 22, 2020, he had not filed any prior federal cases challenging his conviction or otherwise relating to the conditions of his confinement. Plaintiff's representation to the Court, however, was not truthful or accurate. To the contrary, at the time Plaintiff filed his amended complaint, Plaintiff had filed at least one prior federal action challenging his conviction or relating to the conditions of his confinement.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete its complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff filed his complaint, he had filed under his name

---

[1] Plaintiff labels two of the sections as section VI; the Prior Litigation section should technically be section VII.

Case No. 4:20cv142-MW-HTC

and Florida Department of Corrections ("FDOC") Registration Number 52931[2] at least the following undisclosed action:

> *Barclay v. Chunn, et al.*, Case No. 4:20-cv-61 (N.D. Fla.) (pending § 1983 action)

Plaintiff did not disclose this federal action, even though it is a currently pending case, was filed just a couple of months before this action, and also relates to Wakulla CI.  The Court can see no reason other than a failure to be candid with the Court for Plaintiff's failure to disclose this case.  Indeed, Plaintiff filed a notice in that case to allow him to proceed without prepayment of the initial filing fee just two (2) days prior to submitting his amended complaint in this case.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff knew from the Court's form, which was provided to him, that he was required to be truthful in response to the questions in the "Prior Litigation" section.  That form specifically states that "Failure to disclose all prior cases may result in the

---

[2] The docket erroneously lists Plaintiff's FDOC Registration Number as "952931."  However, Plaintiff lists his registration number as 52931 in multiple locations on his amended complaint and the FDOC's website lists Plaintiff's number as 52931.  ECF Doc. 11 at 2, 18, 19; http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=P52931&TypeSearch=AI.

Case No. 4:20cv142-MW-HTC

dismissal of this case." *See* NDFL Pro Se 14, at 11.  Although Plaintiff did not include that language in his self-created form, Plaintiff nonetheless declared under penalty of perjury that the information in his first amended complaint is "true and correct."  ECF Doc. 11 at 17.  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for him to attempt to evade or undermine the purpose of the complaint form.  The Court, therefore, should not allow Plaintiff's false response to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.  *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).  Because this is a dismissal without prejudice, Plaintiff will not be prejudiced from filing a new action based on these same claims.[3]

---

[3] Although the Court did not screen the amended complaint under §§ 1915A and 1915(e) for service, the Court did review the amended complaint and notes that Plaintiff may have an exhaustion problem, as he states in his amended complaint that his appeal was returned by the Secretary as untimely.  ECF Doc. 11 at 10.  An "untimely grievance that is rejected as such by prison officials" "does not satisfy the exhaustion requirement of the PLRA." *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005); *see also Mraz v. Pagan-Delgado*, 2018 WL 4326864, at *3 (N.D. Fla. Sept. 29, 2018) (a court may not disregard a timeliness bar that the Secretary's Office has decided to enforce).

Case No. 4:20cv142-MW-HTC

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2) and 1915A.

2. The clerk be directed to close the file.

Done in Pensacola, Florida this 21st day of May, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.